OPINION OF THE COURT
Dominic R. Massaro, J.
Pursuant to CPL 160.58, defendant Ernesto Modesto moves for an order conditionally sealing his 1999 conviction for criminal possession of a controlled substance in the second degree *288 (see Penal Law § 220.18). Defendant argues that, while receiving a certificate of relief from civil disabilities, he has been prevented from achieving career goals and full community membership because of the conviction. In this regard, defendant says conditional sealing is a “second chance” for him as was intended by our Legislature when enacting the “Rockefeller Drug Law” reforms.
The District Attorney opposes relief because defendant is not eligible for relief based upon the magnitude of the crime to which he pleaded guilty and because his sentence did not involve a drug treatment alternative to prison. Defendant submitted no documentation of successfully completing a drug program or similar program and presented no evidence that he was addicted when he committed the crime.
Movant’s Position
Movant pleaded guilty to criminal possession of a controlled substance before this court (Skloot-Bamberger, J.) in 1999 (exhibit A) and was sentenced to three years and nine months’ imprisonment (exhibit B).[1] Subsequently, defendant says he participated in a shock incarceration program at Lakeview Shock Incarceration Facility in Chautauqua County and subsequently was released to parole supervision on November 18, 1999 (exhibit C).[2] Defendant appealed his conviction but withdrew that appeal before the Appellate Division decided it (see People v Modesto, 269 AD2d 883 [1st Dept 2000]).
As a parole condition, defendant agreed, among other things, to substance abuse testing (see exhibit C). He claims he completed the Partnership for a Drug-Free America’s six-month outpatient drug treatment program.[3] His parole supervision ended on February 10, 2003 allegedly followed by a certificate of relief from civil disabilities.
In support of relief, defendant’s counsel recites a litany of aviation training and licenses obtained since release (see exhibit D). While defendant achieved these goals, counsel claims his client was hampered in obtaining professional employment because of the narcotics conviction. Counsel argues that conditional sealing will enhance “public safety” presumably *289 because the public will be served by his client’s reentry to the work force as a pilot.
In summary, counsel argues that defendant’s conviction is eligible for conditional sealing because it is an offense defined in Penal Law article 220[4] as specified in CPL 160.58 (2). He was discharged from parole supervision. Finally upon release to parole supervision, defendant successfully completed a mandatory six-month outpatient drug treatment program, that is, the Partnership for a Drug-Free America program. Finally, sealing defendant’s sole criminal conviction will enhance public safety by allowing him to successfully reintergrate into the community. In addition, defendant asks the court to consider the fact that while heroin was involved, defendant’s role was in essence only as a bodyguard for his brothers who were the chief participants in the sale. At the time of the crime, he was immature and under the influence of his siblings. Now he has matured and realizes his mistake.
People’s Opposition
The District Attorney opposes defendant’s relief, arguing he is ineligible for conditional sealing because he did not complete a judicially sanctioned drug treatment program while incarcerated. Further, the District Attorney says that the crime for which he pleaded guilty does not qualify for judicial diversion or other drug treatment alternative to prison. In this regard, “shock incarceration” is not a judicial diversion program referred to in CPL 160.58, nor is it a drug treatment program. Defendant failed to provide documentation substantiating that he completed a judicial diversion program or a dmg treatment program. Therefore, defendant’s sentence does not qualify as a judicially sanctioned drug treatment program and is not eligible for conditional sealing.
Likewise, the facts surrounding defendant’s application do not merit sealing. Most critical, the crime to which defendant pleaded guilty is a class A-II felony indicating that the weight involved exceeds the casual user targeted by the Rockefeller Drug Law Reform Act of 2009. The reform was not intended to reach persons such as defendant who are not addicted but instead profited from others’ addictions.
Defendant does not fall into the category of persons protected by the statute because of the sales volume involved in his crime. *290 Further, he presented no evidence that he was an addict, that he is committed to a drug-free lifestyle, or continues to be involved in any sobriety program. Because defendant is not an addict, he is not the intended target of the drug law reform.
In summary, the District Attorney’s position is that defendant is not entitled to relief because defendant has not been precluded from gainful employment, nor is he prevented from living a productive life.
Legal Discussion
CPL 160.58, as enacted in 2009, provides that the court that sentenced a defendant to a judicially sanctioned drug treatment program may, on its own motion or upon defendant’s motion, order that all official records and papers relating to the arrest, prosecution and conviction which resulted in defendant’s participation in the judicially sanctioned drug treatment program be conditionally sealed.
Conditional sealing is a narrowly tailored procedure enacted to provide a meaningful second chance for individuals who have a proven commitment to rehabilitation as shown by factors such as a successful completion of a judicially sanctioned drug treatment program. Our Legislature enacted CPL 160.58 by Laws of 2009 (ch 56, part AAA, § 3), effective June 6, 2009. However, as of this date, the court finds no cases interpreting the instant statute.[5]
In making a determination under CPL 160.58, the statute directs the court to consider
“any relevant factors, including but not limited to: (i) the circumstances and seriousness of the offense or offenses that resulted in the conviction or convictions; (ii) the character of the defendant, including his or her completion of the judicially sanctioned treatment program as described in subdivision one of this section;1[6]1 (iii) the defendant’s criminal history; and (iv) the impact of sealing the defendant’s *291 records upon his or her rehabilitation and his or her successful and productive reentry and reintegration into society, and on public safety” (see CPL 160.58 [3]).
Considering these factors, defendant’s motion is denied. Defendant failed to present adequate evidence supporting sealing the record herein.* ****[7] Upon the evidence presented, the court cannot find that the prerequisites of CPL 160.58 are met. In particular, the record fails to show that the trial court sentenced defendant to a judicially sanctioned drug treatment program (see exhibit B). Likewise, the record lacks proof of adverse effect upon defendant’s employment opportunities. Significantly, no copy of the certificate of relief from civil disabilities is included and no copy of the relevant indictment and judgment of conviction is included.
This bench is not the bench that presided at the original proceedings and, therefore, cannot, on its own, verify the conditions required in CPL 160.58. The court is not required to retrieve from the clerk papers filed previously even if this bench were the bench that originally heard the case. It remains the moving party’s responsibility to assemble complete papers which document the procedural history of an application and provide a proper foundation for the relief requested. The burden created by an incomplete record seriously hinders the court’s ability to do justice in this matter. Further, the failure to provide postrelease documents, such as the certificate of relief from civil disabilities, must be held against defendant.
With this in mind, the court finds that defendant failed his burden. Defendant failed to convince that his conviction, which involved the sale of heroin committed while he was not an addict, deserves relief. Defendant failed to present proof of his character independent of business training. All these factors *292 detract from the prayed-for relief. Further, defendant failed to convince the court to use its discretion to permit the requested relief for a serious felony. The court agrees with the District Attorney that defendant’s current circumstances are a result of his own conduct.
The court has not invoked the authority of CPL 160.58 (3) to hold a hearing on this application because neither party requested such hearing. Were the court to consider such an alternative, the present record is insufficient to justify a CPL 160.58 (3) hearing.
Based upon the foregoing,[8] it is ordered that defendant Ernesto Modesto’s motion for an order conditionally sealing the record of his 1999 conviction for criminal possession of a controlled substance in the second degree is denied.

. Defendant submitted copies of his plea and sentencing transcripts (exhibits A, B).

. The copy of the certificate of release to parole supervision (exhibit C) is illegible in part.

. Defendant failed to submit his certificate of relief from civil disabilities or adequate proof he successfully completed the drug treatment program.

. Criminal possession of a controlled substance in the second degree is a class A-II felony (Penal Law § 220.18).

. For a discussion of the instant statute in the context of prior reform, see generally Mancuso, Comment, Resentencing after the “Fall" of Rockefeller: the Failure of the Drug Law Reform Acts of 2004 and 2005 to Remedy the Injustices of New York’s Rockefeller Drug Laws and the Compromise of 2009 (73 Alb L Rev 1535, 1574 [2010]).

. CPL 160.58 (1) provides, in relevant part, that
“[a] defendant convicted of any offense defined in article two hundred twenty ... of the penal law . . . who has successfully completed a judicial diversion program ... or one of the programs heretofore known as drug treatment alternative to *291 prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision, and has completed the sentence imposed for the offense or offenses, is eligible to have such offense or offenses sealed pursuant to this section.”

. Defendant’s documents submitted include: guilty plea transcript (exhibit A); sentence transcript (exhibit B); certifícate of release to parole supervision (exhibit C); various Federal Aviation Administration certificates, licenses, and records of professional training. No copy of the indictment, judgment of conviction, or certificate of relief from civil disabilities was submitted. No copy of defendant’s criminal record was included although the District Attorney concedes the instant conviction is defendant’s first felony conviction and only criminal conviction in this state (People’s response at 3).

. In deciding this motion, the court read defendant’s notice of motion for conditional sealing pursuant to CPL 160.58; defendant’s affidavit in support of motion for conditional sealing; defendant’s memorandum of law with attached exhibits; and the People’s response to defendant’s motion for conditional sealing with exhibits.