*514 OPINION OF THE COURT
Richard Lee Price, J.
By motion submitted September 8, 2011, defendant moves for an order pursuant to CPL 160.58 conditionally sealing the record of his judgment of conviction for attempted criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Opposing defendant’s application, the People contend that defendant is ineligible for conditional sealing because he failed to satisfy the statutory requirements.
After consideration of the arguments set forth in the parties’ respective submissions, and after reviewing the record, prior court proceedings and documents on file with the court, defendant’s motion is denied.
Background and Procedural History
On July 5, 2002, defendant was arrested and charged with criminal possession of a controlled substance in the second degree (Penal Law § 220.18). The same day, defendant entered a drug rehabilitation treatment program provided by the New York City Department of Correction (DOC) at Riker’s Island, concomitant with his incarceration. On July 10, 2002, defendant began a program at the DOC Substance Abuse Intervention Division (SAID). On July 31, 2002, defendant entered a guilty plea to attempted criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and was released from custody. As part of his plea arrangement, defendant was sentenced to a term of five years’ probation.
Defendant now claims he is entitled to have his conviction conditionally sealed because he “has successfully completed his supervised probation/drug probation on June 27, 2005.”[1] The People argue that defendant failed to complete a judicial diversion program or similar court-mandated drug treatment program in accordance with CPL 160.58, and categorically deny that his 21-day stint in SAID was the functional equivalent. Moreover, the People emphasize that defendant’s five-year probation sentence is clearly not a drug treatment alternative to prison.
In response, defendant argues that nothing contained in CPL 160.58 requires “the defendant’s ultimate sentence be a court *515 ordered drug treatment program.”[2] In fact, defendant claims he “clearly meets the requirements of the statute”[3] because he was ordered by Justice Benitez to attend a substance abuse program while incarcerated. Defendant asserts that the statutory language contains two simple requirements for sealing eligibility: completion of a court-ordered drug treatment program, and completion of the imposed sentence. While completion of the imposed sentence is indeed required, the mere participation in any court-ordered program clearly does not suffice.
Discussion
Criminal Procedure Law § 160.58, enacted in 2009, affords qualified defendants the privilege of seeking to have their record of criminal conviction conditionally sealed who
“ha[ve] successfully completed a judicial diversion program under article two hundred sixteen of this chapter, or one of the programs heretofore known as drug treatment alternative to prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision, and ha[ve] completed the sentence imposed for the offense or offenses.” (CPL 160.58 [1].)
As noted, defendant claims the statutory language clearly indicates eligibility is obtained once a defendant has completed both a court-ordered drug treatment program and the imposed sentence. Counsel argues he has done both. Conspicuously disregarding critical elements of the statutory language, counsel endeavors to demonstrate eligibility by isolating those portions that seemingly benefit him. But claiming that his 21-day stint at a drug treatment facility in Biker’s Island as “a court ordered drug treatment program” coupled with his completed five-year probationary period renders him eligible for CPL 160.58 sealing is disingenuous at best.[4]
CPL 216.05 prescribes the requisite procedures before a judicial diversion program may be granted. First, prior to the entry of a guilty plea, the court must order an alcohol and substance abuse evaluation of the defendant. This purpose of such evaluation is obvious: to assist the court and prosecutors *516 in determining whether or not diversion treatment for substance abuse or dependence would be appropriate (CPL 216.05 [1]). Then, upon receipt of the evaluation report, either party may request a hearing on the issue of whether or not substance abuse treatment should be offered (CPL 216.05 [3] [a]). Upon completion of the hearing, the court must determine whether to enroll the defendant in a judicial diversion program. In so doing, the court shall consider factors such as defendant’s eligibility, criminal history, history of substance abuse or dependence and its contribution to the criminal behavior, whether or not the charged offense was violent, and, of course, whether or not judicial diversion would effectively address such abuse or dependence (CPL 216.05 [3]). Finally, assuming the court decides to order judicial diversion, the defendant must first enter a plea of guilty to the charge or charges.
In support of his claim, defendant poignantly cites Justice Benitez’s “order” directing him to attend a drug treatment program. Such reliance, however, is entirely misplaced. First, and foremost, nothing contained in the motion record substantiates such claim.[5] Moreover, the mere completion of any drug treatment program does not satisfy the CPL 160.58 program requirement, as defendant asserts. Rather, as the People correctly argue, it must result from a drug treatment program “of similar duration, requirements and level of supervision ... as judicial diversion programs currently offered in Bronx County.” In fact, the People note that any defendant should expect to remain in a judicial diversion program offered in Bronx County for at least 12 months.
It is clear from the evidence presented, or lack thereof, that no judicial diversion program was ordered. There is no record that an alcohol or substance abuse evaluation was requested and no indication that an evaluation was conducted. Nor is there evidence that the court found judicial, diversion should be offered. And, other than the 21 days defendant was in SAID, which preceded his guilty plea, defendant participated in no long-term rehabilitation treatment programs. Whatever his 21-day enrollment in SAID was, it was not a judicial diversion program.
*517 Defendant would further have this court convinced that he is entitled to sealing because he “completed his supervised probation/drug probation.” Apparently, he believes that his five-year period of supervised probation somehow constitutes a judicial diversion program or other sanctioned drug treatment program. The mere completion, in and of itself, of a garden-variety probationary period hardly constitutes a drug treatment alternative. Accordingly, there is no reasonable view that defendant completed “a judicial diversion program . . . or another judicially sanctioned drug treatment program of similar duration.”
Notwithstanding defendant’s failure to satisfy the statutory prerequisites to qualify for CPL 160.58 conditional sealing, granting him such relief would be well beyond its legislative scope. “Conditional sealing is a narrowly tailored procedure enacted to provide a meaningful second chance for individuals who have a proven commitment to rehabilitation as shown by factors such as a successful completion of a judicially sanctioned drug treatment program” (People v Modesto, 32 Misc 3d 287, 290 [Sup Ct, Bronx County 2011, Massaro, J.]). Although CPL 160.58 permits a court to consider “the character of the defendant, including his or her completion of the judicially sanctioned treatment program as described in subdivision one of this section,” it is in no way intended to be determinative (CPL 160.58 [3] [ii]). Interestingly, the court in Modesto denied the defendant’s motion to have his record conditionálly sealed because it found, among other things, that the defendant failed to provide sufficient proof of his character (Modesto, 32 Misc 3d at 292). Notably, both CPL 160.58 and Modesto emphasize that completion of the statutorily accepted drug treatment program demonstrates, at least in part, a “proven commitment to rehabilitation.” {Modesto at 290.)
Here, defendant did not complete the statutorily required drug treatment program. Moreover, aside from completing the imposed term of probation, ostensibly without incident, the record before this court contains nothing that demonstrates a commitment to rehabilitation. His pithy motion, predicated on a dearth of evidence, appears aimed at prematurely shedding the deontological purpose of possessing a criminal record without adequately demonstrating that he deserves it. Whatever the intended purpose, CPL 160.58 was surely not designed as an easily-accessible eraser for indiscriminate use.
*518 For the foregoing reasons, defendant’s motion pursuant to CPL 160.58 to conditionally seal the record of his judgment of conviction for attempted criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) is denied.

. See the second of three sentences contained on defendant’s one-page pro forma motion, presumptively attached to which is a proposed order granting the relief requested.

. See “Defendant’s Response to the People’s Objection to Defendant’s Motion for Conditional Sealing,” which is in effect a reply affirmation. Given the dearth of support or argument in his moving affirmation, however, such document appears as if it was the moving affirmation.

. (Id.)

. (Id.)

. (See defendant’s response to People’s objection to defendant’s motion for conditional sealing.) While defendant attaches a copy of the DOC “Transcript of Record,” all it purports to do is document his commitment to DOC custody. Nothing in it contains any explicit or implicit record of the court ordering defendant into a drug treatment program, nor does counsel provide the minutes of the proceeding at which he claims the court did so.